

U.S. Department of Justice

United States Attorney
Eastern District of New York

EHS:MJC
F.#2024R00098

271 Cadman Plaza East
Brooklyn, New York 11201

July 10, 2025

By ECF

The Honorable Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    United States v. Disheem Riley
            Criminal Docket No. 24-162 (EK)

Dear Judge Komitee:

      The government respectfully submits this letter in advance of the defendant's sentencing, which is currently scheduled for July 24, 2025. For the reasons stated below, the government respectfully requests a sentence within the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G") range of 37 to 46 months' imprisonment, followed by 2 years of supervised release.

I.    Background

      The facts underlying the offense conduct are set forth in the February 6, 2025 Presentence Investigation Report ("PSR").

    A.    The Offense Conduct

      On January 30 and 31, 2024, the defendant made 17 hoax bomb threats to Federal Bureau of Investigation ("FBI") offices throughout the country. PSR ¶ 2. The hoax bomb threats were communicated in telephone calls. Id. On each of these calls, the defendant stated that a bomb was placed outside of each respective FBI office. Id.

      These phone calls caused substantial disruption to FBI operations. Personnel from FBI offices and other government employees were pulled away from their day-to-day activities to investigate the immediate safety concerns associated with the bomb threats, including conducting sweeps around FBI offices looking for explosive devices and/or other suspicious activity. PSR ¶ 3.

Following the calls, on January 31, 2024, law enforcement located the person using the mobile device that had been used to make the bomb threats and placed him under arrest. That person was identified as the defendant. When arrested, the defendant was found to be in possession of two cell phones, one of which was the phone used to make the bomb threats. After waiving his *Miranda* rights, the defendant admitted to placing the bomb threat calls, which he knew to be false. PSR ¶ 5.

B.  Procedural History

On February 1, 2024, the defendant was initially charged by complaint with making hoax bomb threats in violation of 18 U.S.C. § 844(e). See ECF No. 1. He had his initial appearance on that same day, April 26, 2024, before Judge Levy, and was detained. See ECF No. 2.

On April 22, 2024, a grand jury returned an Indictment charging the defendant with one count of making threats to use explosives in violation of 18 U.S.C. § 844(e) relating to the same hoax bomb threats made to FBI offices. See ECF No. 7.

On July 1, 2024, the defendant pled guilty to the Indictment pursuant to a plea agreement with the government in front of Magistrate Judge Pollak. See ECF No. 13. On January 1, 2025, the Court accepted the guilty plea. See ECF No. 17.

II.  Applicable Law

The Sentencing Guidelines are advisory, not mandatory. United States v. Booker, 125 S. Ct. 738, 764-65 (2005). However, the Supreme Court held in Booker that the sentencing court must consider the Guidelines in formulating an appropriate sentence. Id. In Gall v. United States, 552 U.S. 38 (2007), the Supreme Court set forth the procedure for sentencing courts to follow in light of Booker:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.

Gall, 552 U.S. at 49 (citation omitted).

Next, a district court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, [the district court] may not presume that the Guidelines range is reasonable. [The district court] must make an individualized assessment based on the facts presented." Id. at 49-50 (citation and footnote omitted). Those statutory factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), and "the need for the sentence imposed [] (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2).

III. <u>Guidelines Calculation</u>

For the reasons set forth below, the Guidelines calculation detailed in the PSR is accurate, and the applicable Guidelines range of imprisonment is 37 to 46 months. <u>See</u> PSR ¶¶ 9-19, 67.

| | | |
|---|---|---:|
| | Base Offense Level (U.S.S.G. § 2A6.1)) | 12 |
| Plus: | Offense Involved More Than Two Threats (U.S.S.G. § 2A6.1(b)(2)) | +2 |
| Plus: | Offense Resulted in Substantial Disruption of Public, Governmental, or Business Functions or Services (U.S.S.G. § 2A6.1(b)(4)) | <u>+4</u> |
| | Total: | <u>18</u> |
| | Less: Acceptance of Responsibility (§§ 3E1.1(a)-(b)) | <u>-3</u> |
| Total Adjusted Offense Level: | | <u>15</u> |

An offense level of 15 and Criminal History Category V carry a Guidelines sentence of 37 to 46 months' imprisonment. PSR ¶ 67.

IV. <u>A Guidelines Sentence is Appropriate</u>

A substantial sentence of incarceration is warranted to account for the nature and seriousness of the defendant's criminal offenses, to promote respect for the law, and the need to provide for both specific and general deterrence. <u>See</u> 18 U.S.C. § 3553(a). For these reasons, the government respectfully submits that a Guidelines sentence of imprisonment of 37 to 46 months is sufficient, but not greater than necessary, to satisfy the goals of sentencing.

As an initial matter, the seriousness of the instant offense favors a Guidelines sentence. The defendant made bomb threats to more than a dozen FBI offices over the course of two days. As a result of the defendant's conduct, FBI offices around the country were forced to divert significant resources away from other law enforcement priorities to ensure the safety of FBI personnel. Indeed, the hoax bomb threats were, by design, meant to disrupt, distract, and harass the FBI and its operations. Hoax threats like these not only waste limited law enforcement resources but can cause real panic – hoax or not – that can put people in real danger. Here, a Guidelines sentence will help to deter the defendant and others from making hoax threats to the government, as well as other institutions like schools and businesses, by sending a message that such threats are taken seriously.

Moreover, a Guidelines sentence is further warranted due to the defendant's criminal history. The defendant has 14 prior convictions. <u>See</u> PSR ¶¶ 21-34. Some of these relate to serious conduct such as violations of orders of protection and violent assaults. Indeed, the most recent (and only felony conviction), occurred after the defendant punched a 79-year-old victim in the head. PSR ¶ 34. The defendant's continued criminal conduct, despite multiple

3

arrests, convictions, and sentences, demonstrates that a substantial incarceratory sentence is necessary to protect the public and to deter the defendant.

The defendant argues that a time-served sentence is appropriate because the defendant suffers from a history of mental illness and due to the general conditions of confinement for the time the defendant has already served at the Metropolitan Detention Center ("MDC"). While the defendant's mental health is a factor to consider, the government submits that it is not a reason to impose a non-custodial sentence. The Federal Bureau of Prisons, which "provides a full range of mental health treatment through staff psychologists and psychiatrists," is capable of providing appropriate mental health care to incarcerated individuals who need it, including psychiatric care.[1] Indeed, as indicated in the PSR, the defendant has been provided access to mental health services while at the MDC and does not allege that he was denied necessary mental health care while incarcerated. PSR ¶ 53.

With respect to the general conditions at the MDC, the government disagrees that the defendant's time at the MDC warrants a downward variance. Courts in this district have declined to depart from the Guidelines and impose a lower sentence on this basis. See, e.g., United States v. Thawney, No. 20-CR-428 (WFK), 2022 WL 2132993, at *5 (E.D.N.Y. June 14, 2022) (rejecting request for downward variance based on the defendant's argument that the court should "account for the harsh conditions in which Defendant was incarcerated while in the MDC"); Transcript of Sentencing 33-34, Hon. Pamela K. Chen, United States v. Idris Dayo Mustapha, No. 23-CR-440 (E.D.N.Y. May 1, 2024) (noting that the Court is "not going to be convinced by general descriptions of the conditions at the facility or in the BOP system writ large that a variance is warranted for any particular defendant").

Lastly, the Court should avoid unwarranted sentencing disparities by imposing a significant term of imprisonment here. The Court should consider the sentences imposed in the following comparable cases, which all involve hoax bomb threats, and all reflect significant terms of improsonment:

- United States v. Nunez, 22-CR-106 (S.D.N.Y.): Defendant made a hoax bomb threat to FBI personnel at the Jacob K. Javits Federal Office Building located at 26 Federal Plaza in Manhattan, which houses the headquarters of the New York Field Office of the FBI and other federal agencies. The defendant was sentenced to 14 months, within the Guidelines range of 12 to 18 months.

---

[1] See https://www.bop.gov/inmates/custody_and_care/mental_health.jsp ("The Bureau provides a full range of mental health treatment through staff psychologists and psychiatrists. The Bureau also provides forensic services to the courts, including a range of evaluative mental health studies outlined in Federal statutes. Psychologists are available for formal counseling and treatment on an individual or group basis. In addition, staff in an inmate's housing unit are available for informal counseling. Services available through the institution are enhanced by contract services from the community.")

- United States v. Simpson, 24-CR-127 (E.D.N.C.): Defendant made fake bomb threats to Amtrak concerning its daily train from Miami to New York City and was sentenced to 36 months.

- United States v. Hollis, 21-CR-33 (N.D. Tex.): Defendant made fake bomb threats indicating he was going to bomb a downtown in Texas and was sentenced to 24 months.

- United States v. Coleman, 15-CR-68 (D.D.C.): Defendant made bomb threats via repeated telephone calls to 911. The Court sentenced him to 21 months, at the bottom of the guideline range of 21 to 27 months.

V.   Restitution, Fines, and Forfeiture

The government is not seeking the imposition of a fine given that the defendant appears to be unable to pay a fine. PSR ¶¶ 62-65. Pursuant to the defendant's plea agreement, nor is the government seeking forfeiture or restitution.

VI.   Conclusion

For the reasons set forth above, the government respectfully requests that the Court impose a sentence of 37 to 46 months' imprisonment, followed by 2 years of supervised release.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:   /s/ Michael J. Castiglione
Michael J. Castiglione
Assistant U.S. Attorney
(718) 254-7533

cc:   Clerk of Court (EK) (by ECF)
Kyle Wells (by ECF)
U.S. Probation Officer Jeremey Toner (by Email)